## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                            No. CIV-05-0989 LH/WPL
                                                              CR-02-2076 LH

NATHAN M. DICKEY,

       Defendant.


### MEMORANDUM OPINION AND ORDER

      This matter is before the Court to consider a letter from Defendant (CV Doc. 1; CR Doc. 111) filed August 25, 2005. In his letter Defendant asks for copies of court documents and appointment of counsel. He asserts that his criminal conviction may have resulted from incorrect analysis of his criminal history.

      The statute which allows free transcripts requires a showing that the Defendant needs the documents for resolution of a non-frivolous action. *See* 28 U.S.C. § 753(f). "[Defendant]'s principal error . . . is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not; . . ." *Guinn v. Hoecker*, No. 94-1257, 1994 WL 702684 (10th Cir. Dec. 15, 1994) (upholding requirement that movant prove need for documents). As noted by the United States Court of Appeals for the Tenth Circuit, if no action is pending, "[t]here is no statutory authority under 28 U.S.C.A. § 1915, 28 U.S.C.A. § 753, or elsewhere, allowing the expenditure of government funds as an aid to

impecunious persons exploring the possibility of post conviction remedies." *Prince v. United States*, 312 F.2d 252, 253 (10th Cir. 1962). Because no action is pending and Defendant's motion makes no showing of a particular need for the documents, the Court will deny the request for transcripts. For similar reasons, *cf. Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)), the Court will deny Defendant's request for appointment of counsel.

With respect to Defendant's assertion of illegal sentence, after a criminal judgment is entered, the Court's authority to modify a sentence is limited to specific statutory authorization. *See United States v. Soto-Holguin*, 163 F.3d 1217, 1220 (10th Cir. 1999); *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Defendant presents no statutory basis for seeking relief from his criminal judgment.

The relief sought by Defendant, if available, is expressly contemplated by, and may only be sought under, 28 U.S.C. § 2255, which applies where "the sentence was imposed in violation of the Constitution or laws of the United States." The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal sentence, *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"), and Defendant's pro se characterization of his claims is not dispositive. *Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992).

In this circumstance, the Court may recharacterize Defendant's motion as a § 2255 motion if "(a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the

2

relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).  In light of the ruling in *Kelly*, the Court notes that, if Defendant pursues the motion under § 2255, he may be barred from filing subsequent § 2255 motions.  Because Defendant's letter/motion contains no support for the relief sought, he must file an amended § 2255 motion or the Court will deny the letter/motion.

IT IS THEREFORE ORDERED that Defendant's requests for transcripts and appointment of counsel in his letter (CV Doc. 1; CR Doc. 111) filed August 25, 2005, are DENIED;

IT IS FURTHER ORDERED that Defendant is hereby NOTIFIED that, within twenty (20) days from entry of this order, he may withdraw his letter/motion or file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255; and the Clerk is directed to send Defendant a form § 2255 motion with instructions.

_____
UNITED STATES DISTRICT JUDGE